[Cite as *State v. Mills*, 2026-Ohio-701.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL MILLS

    Appellant

C.A. No.     25CA012266

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23CR110249

DECISION AND JOURNAL ENTRY

Dated: March 2, 2026

---

HENSAL, Judge.

{¶1}    Michael Mills appeals his convictions for assault and felonious assault by the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    According to Z.R., after being out at a bar with Mr. Mills the night before Thanksgiving, they drove back to her house separately. While Z.R. began to prepare for the holiday, she argued with Mr. Mills about the way he treats her compared to other women. They ended up outside, where the argument continued. Eventually, Mr. Mills became angry and punched her in the face. Z.R. fell to the ground and blacked out briefly. When she recovered consciousness, Mr. Mills punched her a few more times in the face, then walked to his car. Z.R. attempted to go after him, but her ankle gave out and she fell again, causing part of her body to lie under Mr. Mills's car. He backed out anyway, running over her arms.

{¶3} The Grand Jury indicted Mr. Mills on two counts of felonious assault and one count of assault, and the matter proceeded to a bench trial. According to Mr. Mills, he never punched Z.R. He testified that she had been drinking a lot that evening and slipped on the grass while chasing after him, falling and hitting her head on the concrete driveway. He denied running over her, alleging that her body was not close to his car. The court found Mr. Mills guilty of one count of felonious assault and the assault count, which it merged. It sentenced him to a minimum of three years imprisonment. Mr. Mills has appealed, assigning as error that his convictions are against the manifest weight of the evidence.

II.

ASSIGNMENT OF ERROR

THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶4} Mr. Mills argues that his convictions are against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶5} Mr. Mills argues that Z.R.'s testimony was not credible. He notes that she admitted having five beers while at the bar and did not mention losing consciousness or being run over to the medical personnel who treated her at the hospital. He alleges that she was inconsistent at trial

about whether her nose was broken, about whether her watch broke, and about whether she could move her left arm after the incident. He also notes that an expert witness testified that there was no evidence that Z.R. had been run over by a car. On the other hand, Z.R. admitted that she was angry at him and that she pursued him while he was attempting to leave. She also has a history of passing out because of a medical condition.

{¶6} The State presented medical records that established that Z.R. had an ankle fracture. Z.R. testified that she did not have the fracture before Mr. Mills punched her and that she first noticed pain in her ankle when she tried to stand up after he knocked her out. She also claimed that the pain in her ankle was the reason she fell again as she tried to pursue him. Z.R. testified that she first went to the hospital for her ankle, but after she returned home, she continued to have pain all over her body, especially in her arm, so she returned to the hospital for additional evaluation. She explained that, when she said that her watch broke, it was only the band of the watch. She also explained that, when she said that her nose was broken, she was referring to the skin that photographs show had been scraped away from it. She further explained that, when she said she could not move her arm, she meant that she could not move it without a lot of pain.

{¶7} As the trier of fact, the court was "free to believe all, part, or none of the testimony of each witness." *Prince v. Jordan*, 2004-Ohio-7184, ¶ 35 (9th Dist.), citing *State v. Jackson*, 86 Ohio App.3d 29, 33 (4th Dist. 1993). It was within the province of the court to reconcile any inconsistencies in Z.R.'s and Mr. Mills's testimony because it was present to "view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Cook*, 2003-Ohio-727, ¶ 30 (9th Dist.), quoting *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 659 (8th Dist. 1993). "A conviction is not against the

manifest weight because the [trier of fact] chose to credit the State's version of events." *State v. Peasley*, 2010-Ohio-4333, ¶ 18 (9th Dist.).

{¶8} Upon review of the evidence, we cannot say that the trial court lost its way when it found Mr. Mills guilty of felonious assault and assault and that a new trial is necessary to prevent a manifest miscarriage of justice. Mr. Mills's assignment of error is overruled.

III.

{¶9} Mr. Mills's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

DENISE G. WILMS, Attorney at Law, for Appellant.

ANTHONY CILLO, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.